1   SEYFARTH SHAW LLP
    Andrew M. Paley (SBN: 149699)
2   Sheryl L. Skibbe (SBN: 199441)
    Kimberly M. Foster (SBN: 243216)
3   2029 Century Park East, Suite 3300
    Santa Clara, California 90067-3063
4   Telephone: (310) 277-7200
    Facsimile: (310) 201-5219
5   Email:    apaley@seyfarth.com
              sskibbe@seyfarth.com
6             kfoster@seyfarth.com

7   Attorneys for Defendant
    RSM MCGLADREY, INC.

8

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  LI DONG MA, individually and on      Case No. C08 01729
    behalf of all others similarly situated,
12                                        Santa Clara County Superior Court
               Plaintiffs,               Case No. 108CV106397
13
    v.                                    NOTICE OF REMOVAL OF
14                                        CIVIL ACTION TO THE UNITED
    RSM MCGLADREY, INC., a                STATES DISTRICT COURT;
15  corporation; AMERICAN EXPRESS         DECLARATION OF TAMMY
    TAX AND BUSINESS SERVICES,            DEAL
16  INC., a corporation; and DOES 1-100,
    inclusive,                            Complaint Filed:  Feb. 21, 2008
17                                        Trial Date:       None
               Defendants.
18

19

20       TO THE UNITED STATES DISTRICT COURT FOR THE

21  NORTHERN DISTRICT OF CALIFORNIA:

22       PLEASE TAKE NOTICE that Defendant RSM McGladrey, Inc.

23  ("RSMM" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C.

24  sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C.

25  section 1332(d)(2), to effect the removal of the above-captioned action, which was

26  originally commenced in the Superior Court of the State of California in and for

27  the County of Santa Clara.  This Court has original jurisdiction over the action

28

LA1 6687058.2
                          NOTICE OF REMOVAL



1   pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following

2   reasons:

3   **BACKGROUND**

4        1.     On or about February 21, 2008, Li Dong Ma ("Plaintiff") filed a class

5   action complaint against RSMM alleging claims for failure to pay overtime

6   compensation, failure to properly compensate for missed meal breaks, failure to

7   furnish proper wage statements, failure to pay all wages owed upon termination of

8   employment and violations of Business and Professions Code section 17200 on

9   behalf of a putative class of current and former employees. Plaintiff defines the

10  putative class to include "all salaried persons employed by Defendants in

11  California to do accounting work but who were not licensed or certified by the

12  State of California in the practice of accounting and were not paid overtime for

13  hours in excess of 8 hours in a day or 40 hours in a week (collectively referred to

14  as 'Uncertified Employees') from January of 2004 to the present" (the "Putative

15  Class").[1] Plaintiff seeks declaratory and injunctive relief, compensatory and

16  punitive damages, penalty wages, interest, attorney's fees, and restitution. A true

17  and correct copy of the Complaint is attached hereto.

18  **TIMELINESS OF REMOVAL**

19       2.     The Complaint was served upon RSMM on February 29, 2008. See

20  Exhibit A. This Notice of Removal is timely as it is filed within thirty days of the

21  date the Complaint was served upon Defendant. 28 U.S.C. § 1446(b). RSMM

22  answered the Complaint in the state court on March 28, 2008. *See* Exhibit A. A

23  true and correct copy of the Answer is attached as Exhibit B.

24  **ORIGINAL JURISDICTION—CLASS ACTION FAIRNESS ACT**

25       3.     This Court has original jurisdiction of this action under CAFA,

26

27  [1] Plaintiff asserts that her claims are subject to a four year statute of limitations.
Therefore, for purposes of removal, the operative period of liability for her class

28  action complaint is from February 21, 2004 until February 21, 2008.

1  codified in pertinent part at 28 U.S.C. section 1332(d)(2). As set forth below, this

2  action is properly removable, pursuant to 28 U.S.C. section 1441(a), in that the

3  district court has original jurisdiction over the action, because the aggregated

4  amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the

5  action is a class action in which at least one class member is a citizen of a state

6  different from that of Defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore,

7  the number of putative class members is greater than 100. 28 U.S.C. § 1332

8  (d)(5)(B).

9  ## DIVERSE CITIZENSHIP OF THE PARTIES

10  4.      **Plaintiff's Citizenship.** Plaintiff alleges and RSMM is informed and

11  believes, and on that basis alleges, that Plaintiff is currently a resident of the State

12  of California. Complaint ¶ 4. To establish citizenship for diversity purposes, a

13  natural person must be both (a) a citizen of the U.S., and (b) a domiciliary of one

14  particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

15  1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins.*

16  *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges that she worked

17  for RSMM in Mountain View, California and that she is a resident of California.

18  RSMM is informed and believes, and on that basis alleges, that Plaintiff is

19  domiciled in California. Complaint ¶ 4. Therefore, Plaintiff is, or was at the

20  institution of this civil action, a citizen of California. Complaint at ¶¶ 3-4.[2]

21  5.      **Citizenship of RSMM.** Pursuant to 28 U.S.C. section 1332(c), "a

22  corporation shall be deemed to be a citizen of any State by which it has been

23  incorporated and of the State where it has its principal place of business." RSMM

24  is now, and ever since this action commenced has been, incorporated under the

25  laws of the state of Delaware, with its principal place of business in Bloomington,

26  Minnesota. Declaration of Tammy Deal ("Deal Decl."), attached hereto as Exhibit

27  ────────────────

28  [2] Plaintiff neglected to number a paragraph in between ¶ 3 and ¶ 4 of her
Complaint. Venue is discussed in the unnumbered paragraph.

1   D, ¶ 3.

2       6.     The principal place of business is determined by using one of two

3   tests. The "place of operations" test examines which state "contains a substantial

4   predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alley*,

5   912 F.2d 1090, 1092 (9th Cir. 1990). Courts in the Ninth Circuit analyze "a

6   number of factors to determine if a given state contains a substantial predominance

7   of corporate activity, including the location of employees, tangible property,

8   production activities, sources of income, and where sales take place." *Tosco Corp.*

9   *v. Comm. For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Another

10   relevant factor is the location of the defendant's executive and administrative

11   functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal.

12   2003).

13       7.     The second test, the "nerve center test," locates a company's

14   "principal place of business in the state where the majority of its executive and

15   administrative functions are performed." *Tosco Corp.*, 236 F.3d at 500 (citing

16   *Industrial Tectonics*, 912 F.2d at 1092-93). The Ninth Circuit "applies the place of

17   operations test unless the [company's] activities do not substantially predominate

18   in any one state." *Tosco Corp.*, 236 F. 3d at 500. Where there is no substantial

19   predominance of operations in any one state, the nerve center test applies: "This

20   test is generally utilized when a corporation's activities are far flung and operations

21   are conducted in many states." *Arellano*, 245 F. Supp. 2d at 1106.

22       8.     Relevant considerations under this test include where the directors and

23   officers meet and live, where the executives live and work, where the

24   administrative and financial offices and records are located, where the "home

25   office" is located, where policy decisions are made, and where day-to-day control

26   of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713,

27   716 (ND Cal. 1964).

28

9.    RSMM's activities are widely dispersed throughout the United States. Because its business operations do not substantially predominate in any one state, the "nerve center test" is the applicable test to determine the company's principal place of business.  Deal Decl. at ¶ 4.

10.    RSMM's principal place of business is located in Bloomington, Minnesota.  Deal Decl., ¶ 3.  RSMM's "national office" for purposes of performing executive functions, is located in Bloomington, Minnesota.  Deal Decl., ¶ 3. RSMM maintains its national office at 3600 American Boulevard West, 3rd Floor, Bloomington, Minnesota 55431.  Deal Decl., ¶ 3.  RSMM's executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general operations of its tax, accounting and consulting business.  RSMM considers and treats Minnesota as its headquarters.  Deal Decl., ¶ 3.  As a result, RSMM is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

11.    Additionally, RSMM earns revenue in 50 states, the District of Columbia and Puerto Rico.  California accounts for approximately 8.9 percent of RSMM's total revenue.  Deal Decl., ¶ 5.

12.    RSMM employs no more than 9.4% percent, or 374 of its 3,968 full-time employees, in California.  Deal Decl., ¶ 6.  In contrast, RSMM employs approximately 745 employees in Illinois (18.8%), 455 employees in Minnesota (11.5%), 447 employees in Iowa (11.3%), 288 employees in New York (7.3%), and 274 employees in Maryland (6.9%).  Deal Decl., ¶ 6.

13.    **Citizenship of American Express Tax and Business Services.** Plaintiff names American Express Tax and Business Services as an additional defendant.  On August 1, 2005, American Express Tax and Business Services was

1   acquired by RSMM and no longer operates as a separate corporate entity or

2   employs any employees within the putative class. Deal Decl. at ¶ 7. RSMM has

3   no information that Plaintiff ever served the complaint on American Express Tax

4   and Business Services.

5      14.   **Doe Defendants.** Pursuant to 28 U.S.C. section 1441(a), the

6   residence of fictitious and unknown defendants should be disregarded for purposes

7   of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v.*

8   *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants

9   are not required to join in a removal petition). Thus, the existence of Doe

10  defendants one through one-hundred, inclusive, does not deprive this Court of

11  jurisdiction.

12      **AMOUNT IN CONTROVERSY**

13     15.   The claims of the individual members in a class action are aggregated

14  to determine if the amount in controversy exceeds the sum or value of $5,000,000.

15  28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to

16  be appropriate under CAFA "if the value of the matter in litigation exceeds

17  $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the

18  defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive

19  relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,

20  at 49. Moreover, the Senate Judiciary Committee's Report on the final version of

21  CAFA makes clear that any doubts regarding the maintenance of interstate class

22  actions in state or federal court should be resolved in favor of federal jurisdiction.

23  S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters

24  in controversy' in a purported class action 'do not in the aggregate exceed the sum

25  or value of $5,000,000,' the court should err in favor of exercising jurisdiction over

26  the case . . . . Overall, new section 1332(d) is intended to expand substantially

27  federal court jurisdiction over class actions. Its provisions should be read broadly,

28

1  with a strong preference that interstate class actions should be heard in a federal

2  court if properly removed by any defendant.").

3    16.    The evidence establishes by a reasonable probability that the amount

4  in controversy, as alleged, would exceed $5,000,000.  Plaintiff seeks to represent a

5  class of current and former RSMM employees that she calls the "Uncertified

6  Employees."  Plaintiff seeks:  (1) unpaid overtime compensation; (2) unpaid

7  compensation for missed meal breaks; (3) penalties for inaccurate paycheck

8  statements; (4) penalties for unpaid wages at end of employment; and (5)

9  restitution and injunctive relief for alleged violation of Business and Professions

10  Code section 17200.  Complaint ¶ 2.  Plaintiff worked in the Risk Management

11  section of RSMM's consulting division.  Plaintiff's class definition makes no

12  distinction between the various divisions within RSMM.  Plaintiff thus apparently

13  seeks to represent all unlicensed salaried employees in RSMM's tax and consulting

14  divisions.

15    17.    Based on Plaintiff's vague definition of the putative class members in

16  the Complaint, RSMM identified approximately 194 employees in 2007 who

17  arguably fall within the definition of the putative class in that they are not licensed

18  as a certified public accountant and they can be said to perform "accounting work"

19  in either the tax or consulting groups while employed in California.  Deal Decl., ¶

20  8.  Thus, the putative class numbers, including both current and former RSMM

21  employees, exceed well over 100.

22    18.    The turnover rate for this group of employees has remained roughly

23  constant over the alleged class period and, therefore, RSMM calculates Plaintiff's

24  purported allegation of unpaid wages and penalties for purposes of meeting the

25  jurisdictional minimum using the number of full-time equivalent positions.  Deal

26  Decl., ¶ 8.  The average hourly rate of the 194 putative class members is

27  approximately $39.95.  Deal Decl., ¶ 8.

28

19. Based on the number of putative class members and Plaintiff's claims, the amount in controversy for the alleged unpaid wages, missed meal breaks, inaccurate wage statements and waiting time penalties as alleged in the Complaint is at least $5,000,000, the minimum requirement. In addition, Plaintiff has asserted class claims for restitution and injunctive relief for unfair competition, which if proven to be true, would further increase the amounts in controversy. Plaintiff also alleges that she is entitled to punitive damages, interest and attorneys' fees. *See* Ex. A, Prayer for Relief.

(A) **Unpaid Overtime Compensation.** Plaintiff alleges that RSMM requires the "Uncertified Employees" to regularly work more than 8 hours per day and 40 hours per week without paying them overtime compensation, and claims unpaid overtime compensation for the putative class during the class period. Assuming conservatively that the putative class worked only one hour of overtime per week, the amount of unpaid overtime compensation would be the sum of (# of putative class members or 194) x (4 years) x (50 weeks/year) x (one overtime hour/week) x ($39.95/hour) x (1.5 overtime premium multiplier) = **$2,325,090.**

(B) **Missed Meal Break Compensation.** Plaintiff alleges that RSMM failed to compensate putative class members for missed meal breaks. Plaintiff alleges that she was "frequently unable to take proper meal breaks." Complaint ¶ 17. Plaintiff alleges putative class members are entitled to one hour of pay for each missed meal break. Complaint ¶ 46. Based on these allegations, even assuming conservatively that Plaintiff alleges just two missed meal periods per week, the amount owed for the alleged denial of meal breaks would be (# of putative class members or 194) x (4 years of class period) x (50 weeks/year)[3] x (two missed breaks per week) x ($39.95/hour) = **$3,100,120.**

---

[3] This number assumes that employees took two weeks of vacation.

1    **(C)    Labor Code § 226(e).** The Complaint alleges that RSMM failed to

2    provide putative class members with accurate itemized wage statements, in

3    violation of California Labor Code section 226. Complaint at ¶¶ 48-52. Under

4    Labor Code section 226(e), employees are entitled to $50 for the initial violation as

5    to each employee, and $100 for each further violation as to each employee, up to a

6    maximum penalty of $4,000 per each class member. The statute of limitations for

7    recovery of penalties under Labor Code section 226 is one year. Cal. Civ. Proc.

8    Code § 340(a). RSMM pays its employees two times per month, making the

9    maximum amount of recovery no greater than $2,550 per putative class member.

10   Based on Plaintiff's allegation of $50 for the first violation and $100 for every

11   violation thereafter, up to $2,550, the money allegedly owed would equal $2,550 x

12   (# of putative full-time equivalent positions or 194) = **$494,700.**

13   **(D)    Labor Code §203 (Waiting Time Penalties).** In addition, Plaintiff

14   seeks waiting-time penalties under California Labor Code section 203. Plaintiff

15   seeks penalties under section 203 for each terminated employee who was not paid

16   all wages owed upon termination. Plaintiff alleges that putative class members

17   were misclassified as exempt and thus not paid overtime and not paid for missed

18   meal periods. Accordingly, putative class members would be entitled to up to 30

19   days of pay for any unpaid wages. Over the last four years, based on Plaintiff's

20   allegations, there are approximately 166 former employees in the putative class.

21   Deal Decl., ¶ 9. Given the average hourly rate of pay, thirty days of waiting-time

22   penalties under section 203 for each putative class member ($40.30 x 8 hours per

23   day x 30 days x 166) would equal **$1,605,552.**

24   20.    Although the foregoing alone establishes with a reasonable certainty

25   that the amount in controversy exceeds $5 million, Plaintiff also seeks punitive

26   damages, interest and attorney's fees, which must also be taken into account in

27   ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d

28

LA1 6687058.2

9

NOTICE OF REMOVAL

1  1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in

2  amount in controversy, regardless of whether award is discretionary or mandatory).

3      21.    Attorney's fees may be awarded based on the lodestar method

4  (calculated by applying counsel's hourly rates to the time spent and a risk

5  multiplier where appropriate). *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir.

6  2003). Alternatively, the court may simply award counsel a percentage of the fund

7  recovered. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The

8  Ninth Circuit has established a benchmark of 25% of the recovery, which may be

9  adjusted or replaced by a lodestar calculation "when specific circumstances

10  indicate that the percentage recovery would be either too small or too large in light

11  of the hours devoted to the case or other relevant factors." *Six (6) Mexican*

12  *Workers v. Arizona Citrus Growers* 904 F.2d 1301, 1311 (9th Cir. 1990). Given

13  the allegations contained on the face of Plaintiff's complaint, an award of

14  attorney's fees equal to 25% of the total alleged damages would equal

15  **$2,368,323.00.**

16      22.    Because diversity of citizenship exists, the Plaintiff being a citizen of

17  the State of California and the RSMM being incorporated in Delaware with its

18  principal place of business in the State of Minnesota, the amount of putative class

19  members is over 100, and the amount in controversy exceeds $5,000,000, this

20  Court has original jurisdiction of the action pursuant to 28 U.S.C. section

21  1332(d)(2). This action is therefore a proper one for removal to this Court.

22      **VENUE AND INTRADISTRICT ASSIGNMENT**

23      23.    Venue lies in the Northern District of this Court pursuant to 28 U.S.C.

24  sections 1441, 1446(a) and 84(c)(2). This action originally was brought in the

25  Superior Court of the State of California, County of Santa Clara and should be

26  assigned to the San Jose division pursuant to Local Rule 3-2(e). *See* Ex. A, ¶ 24.

27

28

**NOTICE OF REMOVAL**

24.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

25.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" are attached hereto as Exhibits A and B.

**WHEREFORE,** Defendant requests that the above action pending before the Superior Court of the State of California for the County of Santa Clara be removed to the United States District Court for the Northern District of California.

DATED:  March 31, 2008                SEYFARTH SHAW LLP

By _____
          Sheryl L. Skibbe
Attorneys for Defendant
RSM MCGLADREY, INC.

# DECLARATION OF TAMMY DEAL

I, Tammy Deal, declare as follows:

1.     I am the Director of Compensation in Human Resources for RSM McGladrey, Inc ("RSMM"). I have been employed for RSMM since December 2003. I have personal knowledge of the matters stated herein, based on RSMM's business records as set forth below, and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.     For purposes of making this declaration, RSMM requested that I obtain information and review business records concerning its operating activities nationwide and within the State of California. As part of obtaining this information, I consulted such business records which included RSMM's payroll database of its employees (Peoplesoft). Accessing such information is a part of my ordinary duties as Director of Compensation. The information I compiled (as set forth in this declaration, below) was taken from records of acts or events made at or near the time by, or from information transmitted by, a person with personal knowledge, and such records were and are made and maintained in RSMM's regular practice and in the course of RSMM's regularly conducted business activity.

3.     RSMM is now, and ever since this action commenced has been, incorporated under the laws of the state of Delaware, with its principal place of business in Bloomington, Minnesota. RSMM's "national office" for purposes of performing executive functions, is located in Bloomington, Minnesota. RSMM maintains its national office at 3600 American Boulevard West, 3rd Floor, Bloomington, Minnesota 55431. RSMM's executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general operations of its tax, accounting and consulting business. RSMM considers and

1 | treats Minnesota as its headquarters.

2 |      4.     RSMM's activities are widely dispersed throughout the United States.

3 |      5.     RSMM earns revenue in all 50 states, the District of Columbia and

4 | Puerto Rico.  California accounts for approximately 8.9 percent of RSMM's

5 | revenue.

6 |      6.     RSMM employs 9.4% percent, or 374 of its 3,968 full-time

7 | employees, in California, 745 employees in Illinois (18.8%), 455 employees in

8 | Minnesota (11.5%), 447 employees in Iowa (11.3%), 288 employees in New York

9 | (7.3%), and 274 employees in Maryland (6.9%).

10 |      7.     On August 1, 2005, American Express Tax and Business Services was

11 | acquired by RSMM and no longer operates as a separate corporate entity.

12 | American Express Tax and Business Services does not currently employ any

13 | putative class members.

14 |      8.     RSMM identified approximately 194 employees in 2007 who

15 | arguably fall within the definition of the putative class in that they are not licensed

16 | as a certified public accountant and they can be said to perform "accounting work"

17 | in either the tax or consulting groups while employed in California.  The turnover

18 | rate for this group of employees has remained roughly constant over the past four

19 | years.  The average hourly rate is approximately $39.95 per hour, which has

20 | increased slightly each year over the class period.

21 |      9.     Over the last four years, there are approximately 166 former

22 | employees in the putative class.

23 |

24 |      I declare under penalty of perjury under the laws of the United States of

25 | America and the State of California that the foregoing is true and correct and that

26 | this Declaration was executed this 31 day of March, 2008, in

27 | Bloomington , Minnesota.

28 |

1

Tammy Deal

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6687058.2

NOTICE OF REMOVAL

EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
03/03/2008
CT Log Number 513150475

TO:     Brian Christensen, Senior Corporate Counsel
        H & R Block, Inc.
        One H&R Block Way, 13th and Main Streets
        Kansas City, MO 64105

RE:     **Process Served in California**

FOR:    RSM McGladrey, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Li Dong Ma, individually and on behalf of all others similarly situated, Pltf. vs. RSM McGladrey, Inc., etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Cover Sheet, Notice, Attachment |
| COURT/AGENCY: | Superior Court, County of Santa Clara, CA Case # SCV106397 |
| NATURE OF ACTION: | Employee Litigation - Failure to pay overtime and compensate meal breaks |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 02/29/2008 at 12:50 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service - file written response // July 18, 2008 at 10:00 a.m. - Case Management Conference |
| ATTORNEY(S) / SENDER(S): | William A. Baird Milstein, Adelman & Kreger, LLP 2800 Donald Douglas Loop North Santa Monica, CA 90405 310-396-9600 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 790952730906 Email Notification, Brian Christensen bchristensen@hrblock.com Email Notification, Peggy Oertwig peggy.oertwig@hrblock.com |
| SIGNED: PER: ADDRESS: | C T Corporation System Nancy Flores 818 West Seventh Street Los Angeles, CA 90017 |
| TELEPHONE: | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RSM MCGLADREY, INC., a corporation; AMERICAN EXPRESS
TAX AND BUSINESS SERVICES INC., a corporation; and DOES
1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LI DONG MA, individually and on behalf of all others similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Downtown Superior Courthouse<br>191 N. First St.<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):* **C V 1 0 6 3 9 7** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wayne S. Kreger and William A. Baird
2800 Donald Douglas Loop North, Santa Monica, CA 90405 Tel: 310-396-9600

| DATE:<br>*(Fecha)* FEB 2 1 2008 Kiri Torre<br>Chief Executive Officer/Clerk | Clerk, by _____, Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):* RSM McGladrey, Inc., a Corporation
   under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465



1  **MILSTEIN, ADELMAN & KREGER, LLP**
2  WAYNE S. KREGER, State Bar No. 154759
   WILLIAM A. BAIRD, State Bar No. 192675
3  2800 Donald Douglas Loop North
   Santa Monica, California 90405
4  Telephone:    (310) 396-9600
   Facsimile:    (310) 396-9635
5  **LAW OFFICE OF STEVEN ELSTER**
6  STEVEN ELSTER, State Bar No. 227545
   785/E2 Oak Grove Road, #201
7  Concord, CA 94518-3617
   Telephone:    (925) 324-2159
8  Facsimile:    (925) 945-1276

9  Attorneys for Plaintiff,
   Li Dong Ma

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF SANTA CLARA

12
13  LI DONG MA, individually and on behalf of all    )    CASE NO.:  1 0 8 C V 1 0 6 3 9 7
    others similarly situated,                       )
14                                                    )    CLASS ACTION COMPLAINT:
            Plaintiff,                                )
15                                                    )    1.  FAILURE TO PAY OVERTIME
    vs.                                               )        COMPENSATION
16                                                    )
    RSM MCGLADREY, INC., a corporation;              )    2.  FAILURE TO PROPERLY
17  AMERICAN EXPRESS TAX AND BUSINESS                )        COMPENSATE FOR MEAL BREAKS
    SERVICES INC., a corporation; and DOES 1-        )
18  100, inclusive,                                  )    3.  FAILURE TO FURNISH PROPER
                                                     )        PAYCHECK STUBS
19          Defendants.                              )
                                                     )    4.  FAILURE TO PAY ALL WAGES AT
20                                                    )        END OF EMPLOYMENT
                                                     )
21                                                    )    5.  VIOLATIONS OF BUSINESS AND
                                                     )        PROFESSIONS CODE § 17200
22                                                    )
                                                     )
23                                                    )
                                                     )
24                                                    )    **JURY TRIAL DEMANDED**
                                                     )
25                                                    )
                                                     )
26                                                    )
                                                     )
27                                                    )
28

                                    1
                          CLASS ACTION COMPLAINT

*Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405*

D. Wendel

### CLASS ACTION COMPLAINT

1. Representative Plaintiff LI DONG MA ("Plaintiff"), on behalf of herself, on behalf of the general Public, and on behalf of all others similarly situated, brings this case to challenge Defendants' lucrative, repressive and unlawful business practices and hereby demands a trial by jury and alleges as follows:

1. This is a class action brought against DEFENDANT RSM MCGLADREY, INC., a corporation; DEFENDANT AMERICAN EXPRESS TAX AND BUSINESS SERVICES INC., a corporation; and DOES 1-100 (collectively referred to as "Defendants") on behalf of a collective class of all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (collectively referred to as "Uncertified Employees") from January of 2004 to the present

2. This action alleges that Defendants: (1) failed to pay overtime for all hours worked by Uncertified Employees as required by the California Labor Code; (2) failed to properly compensate Uncertified Employees for missed meal breaks; (3) failed to furnish proper paycheck stubs when paying Uncertified Employees; (4) failed to pay all wages owed to Uncertified Employees at the end of their employment; and (5) violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200, *et seq.*.

### JURISDICTION AND VENUE

3. This class action suit is founded upon California state law including, but not limited to, violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission's Wage Orders) and the California Business & Professions Code, which are subject to the jurisdiction of this court.

Venue is proper in that Defendants are corporations that are authorized to conduct and do conduct significant amounts of business in Santa Clara County as well as throughout the State of California. In particular, Defendants maintain an office in Mountain View, California and a substantial part of the events and omissions giving rise to the claims of Plaintiff Li Dong Ma and other members of the Class occurred at this office..

Mintein, Adelman & Kreger, LLP
2600 Denali Doughts Loop North
Santa Monica, CA 90405

2

## PARTIES

4.    Plaintiff LI DONG MA is a California resident who worked for Defendants during the class period.

5.    Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated and pursuant to California Business & Professions Code sections 17200, *et seq.*

6.    At all times herein relevant, the Plaintiff was and now is a person within the Class of persons further described and defined herein.

7.    At all times herein, Defendant RSM McGladrey, Inc., a corporation, and Defendant American Express Tax and Business Services Inc., a corporation, were and are business entities that conduct significant amounts of business within the county of Santa Clara and were and are primarily involved in the business of selling public accounting services.

8.    Plaintiff is informed and believes and based thereon alleges that the true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-100, inclusive ("Does"), are unknown to Plaintiff, who therefore sues said Does by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants were and are corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code; the applicable Wage Orders issued by the Industrial Welfare Commission; and California Business and Professions Code section 17200, *et seq.*

10.    Plaintiff is informed and believes and based thereon alleges that each of the Doe Defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the members of the Class.

11.    Plaintiff is informed and believes and based thereon alleges that Does were the agents, servants and/or employees of the other Defendants and in doing the things hereinafter

Milstein, Adelman & Kruger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3
CLASS ACTION COMPLAINT

1   alleged, and at all times, were acting within the scope of their authority as such agents, servants and

2   employees, and with the permission and consent of the other Defendants.

3       12.    At all times herein mentioned, Defendants and each of them, were members of, and

4   engaged in, a joint venture, partnership and common enterprise, and acting within the course and

5   scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6       13.    At all times herein mentioned, the acts and omissions of various Defendants, and

7   each of them, concurred and contributed to the various acts and omissions of each and all of the

8   other Defendants in proximately causing the injuries and damages herein alleged.

9       14.    At all times herein mentioned, Defendants, and each of them, ratified each and every

10  act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them,

11  aided, abetted, and consented to the acts and omissions of each and all of the other Defendants in

12  proximately causing the injuries and damages herein alleged.

<div align="center">

**ADDITIONAL FACTS**

</div>

13

14      15.    During the class period, Defendants regularly employed salaried workers to do

15  accounting work but these workers were not licensed or certified by the State of California in the

16  practice of accounting; in other words, Defendants' Uncertified Employees were not Certified

17  Public Accountants.

18      16.    Defendants uniformly classified all Uncertified Employees as exempt from overtime

19  under the California Labor Code and the Industrial Welfare Commission's Wage Orders.

20      17.    During their employment by Defendants, Plaintiff worked more than 8 hours in a day

21  and/or 40 hours in a week but in keeping with uniform company policy with respect to all salaried

22  Uncertified Employees, Defendants did not pay Plaintiff overtime compensation for those hours.  In

23  addition, Plaintiff was frequently unable to take proper meal breaks as required by California law.

24      18.    Although classified as exempt, Plaintiff and the class members should have been

25  paid overtime for all qualifying hours but Defendants uniformly failed to pay such overtime.

<div align="center">

**CLASS ALLEGATIONS**

</div>

26

27      19.    This action may properly be maintained as a class action pursuant to section 382 of

28  the California Code of Civil Procedure.  All claims alleged herein arise under California law for

<div align="center">

4

CLASS ACTION COMPLAINT

</div>

Rittside, Adelman & Kreger, LLP
21900 Burtial Douglas Loop North
Santa Monica, CA 90405

1   which Plaintiff seeks relief authorized under California law.  This Class is comprised of, and

2   defined as:

3       All persons employed by Defendants in the State of California as salaried
        exempt employees doing accounting work at any time within four years of
4       the filing of this complaint to the present but who were not licensed or
        certified by the State of California in the practice of accounting and were not
5       paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a
        week (at times referred to as the "Class").
6

7

8       20.    The proposed Class is ascertainable in that its members can be identified using

9   information contained in Defendants' payroll and personnel records.

10      21.    The members of the Class are sufficiently numerous such that joinder of all members

11  would be impracticable.  Further, the disposition of the claims of the Class in a class action will

12  provide substantial benefits to both the parties and the Court.

13      22.    The California Labor Code and Wage Order provisions upon which Plaintiff bases

14  her claims are broadly remedial in nature.  These laws and labor standards serve an important public

15  interest in establishing minimum working conditions and standards in California.  These laws and

16  labor standards protect the average working employee from exploitation by employers who may

17  seek to take advantage of superior economic and bargaining power in setting onerous terms and

18  conditions on employment.

19      23.    The nature of this action and the format of laws available to Plaintiff and the Class

20  make the class action format a particularly efficient and appropriate procedure to redress the wrongs

21  alleged herein.  Further, this case involves large corporate Defendants and a large number of

22  individual employees with many relatively small claims.  If each employee were required to file an

23  individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

24  since they would be able to exploit and overwhelm the limited resources of each individual plaintiff

25  with their vastly superior legal and financial resources.

26      24.    Requiring each member of the Class to pursue an individual remedy would also

27  discourage the assertion of lawful claims by employees who would be disinclined to file an action

28  against their former and/or current employer.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

5

CLASS ACTION COMPLAINT

25.    Moreover, the prosecution of separate actions by the individual Class members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members against Defendants.

26.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual plaintiff Class members. These questions of law and fact include, but are not limited to, the following:

(a)    Whether each Class member was licensed or certified by the State of California in the practice of accounting;

(b)    Whether Defendants classified each Class member as exempt;

(c)    Whether Defendants were required by law to pay the Class overtime for all hours worked in excess of 8 hours a day and 40 hours per week;

(d)    Whether Defendants implemented and engaged in a systematic practice whereby they improperly failed to pay for all overtime hours worked by the Class;

(e)    Whether Defendants denied members of the Class wages in order to increase profits and lower costs;

(f)    Whether Defendants failed to keep, maintain and/or furnish accurate records of the actual hours worked by the Class;

(g)    Whether the Class received appropriate meal breaks in compliance with California law;

(h)    Whether Class members no longer working for Defendants are entitled to "waiting time" penalties;

(i)    Whether Defendants' conduct constituted an illegal, unfair, or deceptive business practice;

(j)    Whether Defendants' systematic acts and practices violated, *inter alia*, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, and 1194, the applicable Wage Orders of the Industrial Welfare Commission, and Business & Professions Code sections 17200 *et seq.*;

Miliuin, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

6

CLASS ACTION COMPLAINT

1    (k)  Whether the Class is entitled to compensatory damages under the Labor

2 Code; and

3    (l)  Whether Class members are entitled to injunctive relief.

4    27.  Proof of a common business practice or factual pattern which Plaintiff experienced is

5 representative of that experienced by the Class and will establish the right of each of the Class

6 members to recover on the causes of action alleged.

7    28.  Such a pattern, practice and uniform administration of illegal corporate policies with

8 respect to employee compensation, as described herein, creates an entitlement in common for

9 Plaintiff and the Class to recover in a civil action for the unpaid balance of the full amount of the

10 overtime compensation owing, including interest thereon, waiting time penalties, reasonable

11 attorney's fees and costs of suit according to the mandate of California Labor Code section 1194, *et*

12 *seq.*

13    29.  Furthermore, Plaintiff and the Class are entitled in common to restitution and

14 disgorgement of funds withheld improperly by Defendants. Accordingly, Plaintiff, on behalf of the

15 Class, will seek the creation of a common fund made up of the aforementioned damages.

16    30.  Plaintiff asserts claims that are typical of the claims of the Class because she was

17 employed by Defendants as a salaried exempt employee to do accounting work but was not licensed

18 or certified by the State of California in the practice of accounting and was not paid overtime for

19 hours worked in excess of 8 hours in a day or 40 hours in a week and was therefore subjected to the

20 same uniform policies and procedures as the Class and similarly injured due to Defendants' actions.

21    31.  Plaintiff will fairly and adequately represent and protect the interests of the Class in

22 that she has no disabling conflicts of interest that would be antagonistic to other members of the

23 Class. Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the members of the

24 Class in that the infringement of Plaintiff's rights and the damages Plaintiff has suffered are typical

25 of all other members of the Class. Additionally, Plaintiff has retained counsel that is competent and

26 experienced in class action litigation.

27    32.  Plaintiff and the Class have all similarly suffered irreparable harm and damages as a

28 result of Defendants' unlawful and wrongful conduct. This action will provide substantial benefits

Rit stein, Adelman & Kruger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

7

CLASS ACTION COMPLAINT

1    to both the Class and the public since, absent this action, Defendants' unlawful conduct will
2    continue unremedied and uncorrected.

3        33.    Defendants have acted or refused to act in respects generally applicable to the Class,
4    thereby making appropriate final and injunctive relief or corresponding declaratory relief with
5    regard to members of the Class as a whole, as requested herein. Likewise, Defendants' conduct as
6    described above and below is unlawful, continuing and capable of repetition and will continue
7    unless restrained and enjoined by the Court.

8                          FIRST CAUSE OF ACTION
9    (Failure to Pay Overtime Wages in Violation of the California Labor Code and Applicable
10   Wage Orders of the California Industrial Welfare Commission, Against All Defendants and
11                              Does 1-100)

12       34.    The preceding paragraphs of this Complaint are realleged and incorporated by
13   reference.

14       35.    Pursuant to California Labor Code section 1194, Plaintiff may bring a civil action for
15   overtime wages directly against the employer without first filing a claim with the Division of Labor
16   Standards Enforcement. Further, such private actions have the support and approval of the Division
17   of Labor Standards Enforcement.

18       36.    During all relevant time periods, California Labor Code section 510 applied to the
19   Plaintiff and the Class and provided that any work performed by a non-exempt employee in excess
20   of 8 hours in a day or in excess of 40 hours in a week, must be compensated at one and one-half
21   times the employee's regular rate of pay. Defendants and each of them, did not compensate Plaintiff
22   or the Class for all hours worked in excess of 8 hours in a day or in excess of 40 hours in a week at
23   one and one-half times their regular rate of pay.

24       37.    During their employment by Defendants, Plaintiff and members of the Class were
25   required to work more than 8 hours a day and/or 40 hours per week without receiving overtime pay.

26       38.    However, Plaintiff and the Class were not exempt and should have received overtime
27   wages in a sum according to proof for the hours they worked pursuant to the provisions of

28

Milstein, Adelman, & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

PAGE  11                    BHE DOWNTOWN LA:              2133461011    21:08  01/05/2008

1    California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare

2    Commission of California.

3         39.    Plaintiff is informed and believes and thereon alleges that Defendants and each of

4    them, knew or should have known that Plaintiff and members of the Class should have been paid a

5    premium for all overtime hours they worked and purposely and unfairly elected not to pay them for

6    their overtime labor.

7         40.    Such a pattern, practice and uniform administration of corporate policy regarding

8    illegal employee compensation, as described herein, is unlawful and Plaintiff and the Class are

9    entitled to recover in a civil action for the unpaid balance of the full amount of the overtime

10   premiums owing, including interest thereon, as well as penalties, reasonable attorney's fees and

11   costs of suit pursuant to the California Labor Code. Therefore, Plaintiff and the Class request such a

12   recovery.

13        41.    Plaintiff and the Class also seek injunctive relief to ensure that Class members are

14   properly classified.

15        42.    Plaintiff and the Class also request relief as described below.

16                              SECOND CAUSE OF ACTION

17   (Failure to Properly Compensate for Missed Meal Breaks in Violation of the California Labor

18               Code, Against All Defendants and Does 1-100)

19        43.    The preceding paragraphs of this Complaint are realleged and incorporated by

20   reference.

21        44.    Labor Code sections 226.7 and 512 require that every employer authorize and permit

22   employees to take an uninterrupted meal period of not less than 30 minutes for a work period of

23   more than five hours. If an employer fails to provide the meal periods, the employer is required to

24   pay the employee one additional hour of compensation for each workday that a meal period is not

25   provided.

26        45.    Defendants and each of them, failed to provide Plaintiff and the Class the meal

27   periods required under California law.

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

9

PAGE 12                    BHE DOWNTOWN LA:            21334618011        08:18  01/05/2008

1    46.    Defendants' failures proximately caused Plaintiff and the Class to be deprived of

2    wages and therefore entitles Plaintiff and the Class to one hour of additional pay for each improper

3    meal break.

4    47.    Plaintiff and the Class also request relief as described below.

## THIRD CAUSE OF ACTION

6    (Failure to Furnish Accurate Itemized Wage Statements in Violation of the California Labor

7    Code, Against All Defendants and Does 1-100)

8    48.    The preceding paragraphs of this Complaint are realleged and incorporated by

9    reference.

10    49.    California Labor Codes sections 226 subsection (a) and 1174 require employers to

11    maintain and furnish each employee with an itemized statement showing the total hours worked by

12    the employee on a semi-monthly basis or with each paycheck.

13    50.    California Labor Code section 226(e) provides that if an employer knowingly and

14    intentionally failed to comply with this section then the employee is entitled to recover the greater of

15    actual damages or $50 dollars for the initial violation and $100 dollars for each subsequent

16    violation, up to $4,000, plus costs and reasonable attorney's fees.

17    51.    Defendants knowingly and intentionally failed to furnish and maintain for Plaintiff

18    and the Class the records required under California law. As a result, Plaintiff and the Class are

19    entitled to the amounts provided in Labor Code section 226(e).

20    52.    Plaintiff and the Class also request relief as described below.

## FOURTH CAUSE OF ACTION

22    (Failure to Timely Compensate for All Wages Due at End of Employment in Violation of the

23    California Labor Code, Against All Defendants and Does 1-100)

24    53.    The preceding paragraphs of this Complaint are realleged and incorporated by

25    reference.

26    54.    Labor Code section 201 required Defendants and each of them, to pay their

27    employees that were discharged all wages due immediately upon discharge. Labor Code section 202

28    required Defendants and each of them, to pay their employees that resigned all wages due within 72

10

CLASS ACTION COMPLAINT

*Mitzclo, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

1    hours of the resignation. Defendants and each of them, in violation of these sections, willfully failed

2    to pay Plaintiff and the Class all wages due and owing within the timeframes required by these

3    statutes.

4        55.      Plaintiff and all other Class members did not secrete or absent themselves from

5    Defendants nor refuse to accept the earned and unpaid wages from Defendants. Defendants' illegal

6    actions proximately caused damages to Plaintiff and the Class.

7        56.      Accordingly, Defendants and each of them, are liable for waiting time penalties to

8    Plaintiff and the Class pursuant to Labor Code section 203 in an amount according to proof.

9        57.      Plaintiff and the Class also request relief as described below

10                   **FIFTH CAUSE OF ACTION**

11    (Violation of Business & Professions Code Sections 17200, *et seq.,* Unfair Business Practices,

12                 Against All Defendants and Does 1-100)

13        58.      The preceding paragraphs of this Complaint are realleged and incorporated by

14    reference.

15        59.      Business and Professions Code § 17200 *et seq.,* prohibits acts of unfair competition

16    which shall mean and include any "unlawful, unfair, or fraudulent business act or practice." Plaintiff

17    and the Class allege that at all relevant times Defendants and each of them, have engaged in unfair

18    business practices in California by utilizing the illegal employment practices outlined above,

19    including causing Plaintiff and the Class to perform services without receiving proper compensation

20    as required by the California Labor Code and the applicable Wage Orders of the Industrial Welfare

21    Commission.

22        60.      Defendants' practices are illegal and violate Labor Code sections 201, 202, 203, 226,

23    226.7, 510, 512, 1174, and 1194, and the applicable Wage Orders of the Industrial Welfare

24    Commission. Furthermore, Defendants' policies and procedures constitute unfair business

25    practices, unfair competition, and provide an unfair advantage over Defendants' competitors.

26        61.      Defendants' actions entitle Plaintiff and the Class to seek the remedies available

27    pursuant to section 17200.

28

<div align="center">11</div>

Miletich, Addona & Kreger, LLP
2800 Ozark Douglas Loop North
Santa Monica, CA 90405

62.    Additionally, under California law, wages unlawfully withheld from an employee constitute an unfair business act as defined by section 17200 entitling Plaintiff and the Class to a restitution remedy authorized by section 17203.

63.    Plaintiff and the Class seek full restitution and disgorgement of said monies from Defendants, as necessary and according to proof, to restore any and all monies, including interest, withheld, acquired or converted by Defendants by means of the unfair practices complained of herein. Plaintiff and the Class further seek the appointment of a receiver as necessary. Plaintiff and the Class also seek an injunction and declaratory relief to remedy and prevent Defendants' improper practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.    An Order certifying that the action may be maintained as a class action under California Civil Code section 382;

2.    For an injunction against Defendants' continued application of policies that violate California law;

3.    Compensatory and statutory damages including interest thereon, and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3.    For pre-judgment and post-judgment interest as allowed by California Labor Code sections 218.6 and 1194(a) and California Civil Code section 3287;

4.    For reasonable attorney's fees, expenses and costs as provided by California Labor Code section 1194;

5.    For penalties as appropriate and available under each cause of action, pursuant to the applicable Labor Code sections;

6.    For restitution to Plaintiff and the Class (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate California Business & Professions Code section 17200 *et seq.*;

7.    For exemplary and punitive damages as appropriate and available under each cause of action, pursuant to California Civil Code section 3294; and

12

Mdstein, Adelman & Zieger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    8.    Such other and further relief as the Court deems proper.

2

3    DATE: February 20, 2008                    MILSTEIN, ADELMAN & KREGER, LLP

4

5                                              By: WILLIAM A. BAIRD

6                                              Attorney for Plaintiff, LI DONG MA, on Behalf of
                                               Herself, All Others Similarly Situated, and On Behalf
7                                              of the General Public.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action existing in this lawsuit.

DATE:  February 20, 2008                    MILSTEIN, ADELMAN & KREGER, LLP

BY:  WILLIAM A. BAIRD
Attorney for Plaintiff, LI DONG MA, on Behalf of
Herself, All Others Similarly Situated, and On Behalf
of the General Public.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

14

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Wayne S. Kreger, SBN 154759<br>William A. Baird, SBN 192675<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br>TELEPHONE NO.: 310-396-9600    FAX NO.: 310-396-9635<br>ATTORNEY FOR (Name): Li Dong Ma | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS: 191 N. First St.
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Courthouse

CASE NAME:
Ma, et al., v. RSM McGladrey, LLP et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 1 0 8 C V 1 0 6 3 9 7<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 5 Causes of Action
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 20, 2008
William A. Baird
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**

*Superior Court of California, County of Santa Clara*
*191 N. First Street, San Jose, CA 95113*

CASE NUMBER: _____

1 0 8 C V 1 0 6 3 9 7

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.** You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Joseph Huber** _____    Department: __8C__

The 1st CMC is scheduled for: (Completed by Clerk of Court)

**JUL 1 8 2008** Date JUL 1 8 2008 _____ Time: 10:00 am __ in Department __8C__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 02/01/08

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
   < The parties want a non-adversary procedure
   < The parties have a continuing business or personal relationship
   < Communication problems are interfering with a resolution
   < There is an emotional element involved
   < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

<     Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

       Arbitration may be appropriate when:
- <     The action is for personal injury, property damage, or breach of contract
- <     Only monetary damages are sought
- <     Witness testimony, under oath, is desired
- <     An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<     Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

       Neutral evaluation may be appropriate when:
- <     The parties are far apart in their view of the law or value of the case
- <     The case involves a technical issue in which the evaluator has expertise
- <     Case planning assistance would be helpful and would save legal fees and costs
- <     The parties are interested in an injunction, consent decree, or other form of equitable relief

<     Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

       Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<     Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney), meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

       Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

       Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

       *Contact:*

| | |
|---|---|
| Santa Clara County Superior Court | Santa Clara County DRPA Coordinator |
| ADR Administrator | 408-792-2704 |
| 408-882-2530 | |

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

EXHIBIT B

1  SEYFARTH SHAW LLP
   Andrew M. Paley (State Bar No. 149699)
2  Sheryl L. Skibbe (State Bar No. 199441)
   Kimberly M. Foster (State Bar No. 243216)
3  2029 Century Park East, Suite 3300
   Los Angeles, California 90067-3063
4  Telephone: (310) 277-7200
   Facsimile: (310) 201-5219
5  Email:  apaley@seyfarth.com
           sskibbe@seyfarth.com
6          kfoster@seyfarth.com

7  Attorneys for Defendant
   RSM MCGLADREY, INC.

8

(ENDORSED)
FILED

MAR 28  08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____ DEPUTY

9                  SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SANTA CLARA    **FILED BY FAX**

11

12  LI DONG MA, individually and on behalf of all )   Case No. 108CV106397
    others similarly situated,                    )
13                                                 )
                     Plaintiff,                    )
14                                                 )   **DEFENDANT RSM MCGLADREY,**
    v.                                             )   **INC.'S ANSWER TO PLAINTIFF'S**
15                                                 )   **UNVERIFIED COMPLAINT**
    RSM MCGLADREY, INC., a corporation;            )
16  AMERICAN EXPRESS TAX AND                       )
    BUSINESS SERVICES, INC., a corporation;        )
17  and DOES 1-100, inclusive,                     )   Complaint Filed: 2/21/2008
                                                   )
18                   Defendants.                   )
                                                   )
19  _____ )

20

21       Defendant RSM McGladrey, Inc. hereby answers Plaintiff Li Dong Ma's unverified

22  Complaint as follows:

23                          <u>GENERAL DENIAL</u>

24       1.      Pursuant to the provisions of California Code of Civil Procedure section

25  431.30(d), Defendant denies, generally and specifically, each and every allegation, statement,

26  matter and each purported cause of action contained in Plaintiff's Complaint, and without

27  limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been

28

                                1
LA1 6687052.1          ANSWER TO COMPLAINT

1   SEYFARTH SHAW LLP
     Andrew M. Paley (State Bar No. 149699)
2   Sheryl L. Skibbe (State Bar No. 199441)
     Kimberly M. Foster (State Bar No. 243216)
3   2029 Century Park East, Suite 3300
     Los Angeles, California 90067-3063
4   Telephone: (310) 277-7200
     Facsimile: (310) 201-5219
5   Email:  apaley@seyfarth.com
           sskibbe@seyfarth.com
6         kfoster@seyfarth.com

7   Attorneys for Defendant
     RSM MCGLADREY, INC.

8

                      SUPERIOR COURT OF CALIFORNIA
9
                      COUNTY OF SANTA CLARA
10

11

12  LI DONG MA, individually and on behalf of all )  Case No. 108CV106397
     others similarly situated,                 )
13                            )
               Plaintiff,       )  **DEFENDANT RSM MCGLADREY,**
14  v.                          )  **INC.'S ANSWER TO PLAINTIFF'S**
                            )  **UNVERIFIED COMPLAINT**
15  RSM MCGLADREY, INC., a corporation;   )
     AMERICAN EXPRESS TAX AND       )
16  BUSINESS SERVICES, INC., a corporation; )
     and DOES 1-100, inclusive,        )  Complaint Filed:  2/21/2008
17                          )
              Defendants.      )
18                           )
                            )
19                            )

20

21       Defendant RSM McGladrey, Inc. hereby answers Plaintiff Li Dong Ma's unverified

22  Complaint as follows:

23                          **GENERAL DENIAL**

24       1.     Pursuant to the provisions of California Code of Civil Procedure section

25  431.30(d), Defendant denies, generally and specifically, each and every allegation, statement,

26  matter and each purported cause of action contained in Plaintiff's Complaint, and without

27  limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been

28

                                      1

1  damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions

2  of Defendant.

3  <center>**AFFIRMATIVE DEFENSES**</center>

4      2.    In further answer to Plaintiff's Complaint, Defendant alleges the following

5  additional defenses. In asserting these defenses, Defendant does not assume the burden of proof

6  as to matters that, pursuant to law, are Plaintiff's burden to prove.

7  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

8  <center>**(Failure to State a Cause of Action)**</center>

9      3.    The Complaint and each cause of action alleged therein fail to state facts

10  sufficient to constitute claims upon which relief can be granted against Defendant.

11  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

12  <center>**(Statute of Limitations)**</center>

13      4.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

14  limitations, including but not limited to, Code of Civil Procedure sections 338 and 340 and

15  California Business & Professions Code section 17208.

16  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

17  <center>**(Laches)**</center>

18      5.    Plaintiff has delayed inexcusably and unreasonably in the filing of this action

19  causing substantial prejudice to Defendant, and thus, Plaintiff's claims are barred by the

20  equitable doctrine of laches.

21  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

22  <center>**(Waiver and Estoppel)**</center>

23      6.    Plaintiff's Complaint, and each and every cause of action alleged therein, is

24  barred by the doctrines of waiver and estoppel.

25  <center>**FIFTH AFFIRMATIVE DEFENSE**</center>

26  <center>**(Unclean Hands)**</center>

27      7.    Plaintiff's Complaint, and each and every cause of action alleged therein, is

28  barred by the doctrine of unclean hands.

<center>2</center>
<center>ANSWER TO COMPLAINT</center>

### SIXTH AFFIRMATIVE DEFENSE

#### (No Willful Failure to Pay Wages)

8.    Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code section 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code section 200, et seq.

### SEVENTH AFFIRMATIVE DEFENSE

#### (No Standing)

9.    Plaintiff is a former employee and lacks standing to seek injunctive relief, and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to, section 558 and California Business and Professions Code section 17200 *et seq.* because, *inter alia*, Plaintiff has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes Plaintiff sues upon and/or Plaintiff is no longer employed by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Offset)

10.    Defendant is entitled to an off-set for any overpayments of wages it provided for work never actually performed, any damages incurred by Plaintiff's acts or omissions or inadvertent overpayment for hours worked.

### NINTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

11.    Plaintiff' claims are barred, in whole or in part, pursuant to an accord and satisfaction.

3

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TENTH AFFIRMATIVE DEFENSE

#### (Good Faith Dispute)

12.     Plaintiff is not entitled to any penalty award under California Labor Code sections 201, 202 , 203, and 226 because a good faith dispute exists as to the monies allegedly owed, such that Defendant cannot be held to have willfully failed to comply with the requirements of the Labor Code and/or the applicable wage orders, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Plaintiff Exempt from Overtime Wages)

13.     At all times relevant and material here, Plaintiff and the putative class members classified as exempt employees were exempt from the requirements of the California Labor Code and the Industrial Welfare Commission: i.e., those putative class members were employed in an administrative, executive, professional, and/or relevant sales capacity within the meaning of the applicable wage order.

### PRAYER

Wherefore, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing for the Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That Defendant be awarded reasonable attorneys fees according to proof;

4.     That Defendant be awarded the costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 27, 2008

SEYFARTH SHAW LLP

By _____
   Sheryl Skibbe
Attorneys for Defendant
RSM MCGLADREY, INC.

4

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF LOS ANGELES    )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On March 27, 2008, I served the within documents: DEFENDANT RSM MCGLADREY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Wayne S. Kreger
William A. Baird
Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: 310-296-9600
Fax: 310-396-0635

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on March 27, 2008, at Los Angeles, California.

_____
Lee Drozd

*RSM MC*

---

**Drozd, Lee**

---

**From:**       Kenneth Bloom - (C) Nationwide Legal [kenbloom@dtrac.net]
**Sent:**       Friday, March 28, 2008 9:17 AM
**To:**         Drozd, Lee
**Subject:**    POD for Control Number 54879


                    NATIONWIDE LEGAL, INC.

ATTN: LEE D 75-9220

CTRL:    54879    ORDER DATE:   3/27/08    SERVICE TYPE: RSH/I/F
CUST:    239 SEYFARTH SHAW LLP                      REF: 99999.000510

PU: SEYFARTH SHAW LLP                DL: SANTA CLARA SUPERIOR COURTHOUSE
    2029 CENTURY PARK EAST               191 NORTH FIRST STREET
    LOS ANGELES      CA   90067          SAN JOSE        CA   95113
    RM:SUITE 3300                                              USA
    TO SEE: DANI310.201.1552            TO SEE: CLERK

DEL DATE:  3/28/08    TIME:  09:14    SIGN: DOC'S FILED!!!

*NOTE:  To respond to this email please use the following address:
        legal@nationwideasap.com

✎ JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LI DONG MA, individually and on behalf of all others similarly situated

## DEFENDANTS

CKM MORTGAGE, INC.

C08   01729   PS

E-FILING

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Wayne S. Kreger (SBN 154759)
William A. Baird (SBN 192675)
Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North, Santa Monica, CA 90405

Attorneys (If Known)

Andrew M. Paley (SBN 149699) apaley@seyfarth.com
Sheryl L. Skibbe (State Bar No. 199441) sskibbe@seyfarth.com
2029 Century Park East, Suite 3300, Los Angeles, CA 90067
Tel: 310-277-7200 / Fax 310-201-5219

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government
  Plaintiff
- [ ] 2  U.S. Government
  Defendant
- [ ] 3  Federal Question
  (U.S. Government Not a Party)
- [X] 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|                                  | PTF | DEF |                                                              | PTF | DEF |
|----------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State            | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State    | [ ] 4 | [ ] 4 |
| Citizen of Another State         | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation                                        | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 370 Other Fraud | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | Security Act | or Defendant) | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 900Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities — | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities — | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify)

Transferred from

- [ ] 6 Multidistrict Litigation
- [ ] 7 Judge from Magistrate Judgment

Appeal to District

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Petition for Removal - 28 U.S.C 1332 (d) (2) 1441 and 1446 (Diversity).
Brief description of cause:
Alleged Unfair Business Competition and California Labor Code violations.

## VII. REQUESTED IN COMPLAINT:

- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD