**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:  (310) 396-9600
Facsimile:   (310) 396-9635
Email:        Wkreger@maklawyers.com
                  TBaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:  (925) 324-2159
Facsimile:   (925) 945-1276
Email:        manfromcal@sbcglobal.net

Attorneys for Plaintiff Li Dong Ma

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| LI DONG MA, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>RSM MCGLADREY, INC., a corporation; AMERICAN EXPRESS TAX AND BUSINESS SERVICES INC., a corporation; and DOES 1-100, inclusive,<br><br>　　　Defendants. | **CASE NO.: C-08-01729 JF**<br><br>Hon. Jeremy Fogel<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

1

**Joint Case Management Conference Statement**
**CASE NO.: C-08-01729 JF**
LA1 6713649.2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Northern District of California Local Rule 26-1, Plaintiff Li Dong Ma ("Plaintiff") and Defendant RSM McGLADREY, INC. ("Defendant"), submit the following report:

## I. BRIEF FACTUAL SUMMARY OF CASE

### A. Brief Procedural History

Plaintiff filed the initial complaint in this case on February 21, 2008 in Santa Clara County Superior Court. Defendant answered on March 27, 2008. Defendant removed the case to the Northern District of California on March 31, 2008. Upon removal, the case was originally assigned to the Honorable Magistrate Judge Richard Seeborg. After Defendant declined to consent to Judge Seeborg, the case was reassigned to the Honorable Judge Jeremy Fogel on April 14, 2008.

### A. Plaintiff's Contentions

Plaintiff alleges, among other things, that certain employees of Defendant were misclassified as exempt employees and should not have been paid on a salaried basis; rather, plaintiff alleges that these employees should have been classified as nonexempt "hourly" employees and paid overtime compensation for working more than eight (8) hours per day or forty (40) hours per week. Plaintiff has alleged causes of action for (1) failing to pay overtime; (2) missed meal and rest breaks; (3) failure to provide appropriate paystubs; (4) failure to timely pay all wages due; and (5) violations of Business and Profession code section 17200.

Plaintiff contends that the class members were uniformly not properly classified as exempt. Plaintiff further contends that the class members were not exempt pursuant to the executive, professional, or any other exemption provided under California law.

2

**Joint Case Management Conference Statement**
CASE NO.: C-08-01729 JF
LA1 6713649.2

### B. Defendant's Contentions

Based on the class definition contained in the Complaint ("all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California and were not paid overtime for hours worked in excess of 8 hours a day or 40 hours in a week"), Defendant cannot fully set forth every contention regarding its defenses to the claims alleged in this case. The proposed class definition is so vague, ambiguous and lacking in facts that a class is not ascertainable. Plaintiff's definition of salaried persons who perform "accounting work" without a license does not identify which job titles, lines of service, divisions or groups Plaintiff purports to include within her class definition. Without such details, Defendant is left speculating which persons are intended to be a part of the class.

For purposes of preparing this report, and without a clear definition of the purported class, Defendant denies that it owes Plaintiff or any other putative class member overtime wages and penalties. Defendant also denies that Plaintiff or any other putative class member is entitled to compensation for alleged missed meal and rest breaks. Defendant contends that Plaintiff and any other putative class member was and is properly classified as an exempt employee under the administrative exemption. Plaintiff and the purported class are paid on a salary basis at a level of at least twice the state minimum wage. At least half of the work time of Plaintiff and the purported class involves the performance of office or non-manual work directly related to Defendant's general business operations. Plaintiff and purported class members perform their jobs only under general supervision and work along specialized or technical lines in work requiring special training, experience, or knowledge and they customarily and regularly exercise discretion and independent judgment in carrying out their job duties as to matters of significance to the business.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

Additionally, Defendant contends that many, if not all, of the purported class members who work or have worked in the same positions as Plaintiff are exempt employees under the professional exemption. Plaintiff and the purported class spend more than 50% of their time performing work requiring knowledge of an advanced type in a field of science or learning. The work performed by Plaintiff and putative class members is predominantly intellectual and varied in character and requires the customary and regular exercise of discretion and independent judgment.

Finally, Defendant contends that many of the purported class members as defined by Plaintiff are exempt employees under the executive exemption. Putative class members have duties and responsibilities involving the management of the enterprise or customarily recognized department or subdivision and direct the work of two or more other employees. These putative class members have the authority to hire or fire other employees or make suggestions and recommendations as to the advancement and promotion of other employees and perform work that requires them to exercises discretionary powers customarily and regularly.

## II. REPORT OF CONFERENCE OF PARTIES PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 26-1

### A. Complex Case.

This case is pled as a class action. The parties agree that this case is complex. The parties believe the use of the Manual For Complex Litigation may be appropriate.

**B. Settlement And Alternative Dispute Resolution.**

Plaintiff is willing to participate in mediation currently. Defendant does not believe mediation efforts would be fruitful at this time, but will revisit the possibility of mediation if circumstances change.

**C. Discovery Plan.**

**1. Rule 26(a)(1) Initial Disclosures:** The parties have agreed to serve initial disclosures pursuant to Rule 26(a)(1) by no later than August 5, 2008.

The parties agree to exchange Rule 26 information on Plaintiff's individual claims and information upon which the parties intend to rely on in support of or in opposition to any motion for class certification. Defendant does not believe that Rule 26 disclosures as to absent class members is appropriate unless this case is certified as a class action.

Plaintiff does not believe that Defendant's suggested phased discovery plan will be helpful. Plaintiff believes that the distinction between "merits" and "class discovery" is blurry at best, especially in cases like this. The factual overlap between Defendant proposed categories of discovery will be particularly great in light of the subject matter of Plaintiff's claims. The ultimate factual questions center on Defendant's policies and procedures relating to the compensation paid to Plaintiff and the putative class, the hours worked by Plaintiff and the putative class and primary job duties of Plaintiff and the putative class. These questions are also germane to class certification.

Moreover, it is highly unlikely that the parties will agree as to what constitutes appropriate class certification discovery and what should be reserved for merits discovery. The parties will be forced to turn to the Court for guidance and to resolve disputes. Finally, as Plaintiff bears the burden of proof in class certification and the majority of relevant discovery is in Defendant's possession, Plaintiff could

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

potentially be prejudiced by her inability to obtain discovery that Defendant classifies as "merits" discovery prior to filing her collective/class certification motions. That said, Plaintiff does believe damage discovery is something that can generally be agreed to and defined. Accordingly, Plaintiff is willing to bifurcate such discovery.

Defendant suggests the following phased discovery. Phase I will be limited to certification issues, with a cut-off as of the class certification motion hearing. Phase II of the discovery process will deal with liability and damages. Defendant recognizes that there may be some overlap between certification and liability discovery and is willing to work with Plaintiff's counsel as to the specific parameters of Phase I discovery. Defendant then suggests that the parties request a status conference to follow the class certification motion hearing to propose additional deadlines for Phase II discovery, if necessary. Defendant suggests that the parties then will propose any additional discovery deadlines within two weeks after the class certification hearing.

Alternatively, Defendant proposes a discovery cut-off for Phase II discovery to be 90 days prior to trial.

**2. Anticipated Discovery:**

The parties discussed the type of discovery anticipated in this case.

Plaintiff intends to serve written discovery which will consist of interrogatories, requests for production, and requests for admission.

Plaintiff intends to seek among other things, documents relating to the policies and procedures relevant to the claims being made in the lawsuit, training materials, plans and checklists (where appropriate such as audit and/or tax), manuals for accounting programs, the accounting programs in electronic format, a list of the names and contact information of the members of the putative class, their pay-records and time records, and a list of Defendant's customers for whom Plaintiff or the class

6

**Joint Case Management Conference Statement**
**CASE NO.: C-08-01729 JF**
LA1 6713649.2

worked during the period at issue in this case. Plaintiff may then seek discovery from those customers.

Plaintiff also expects that discovery will be necessary to clarify the relationship between defendant American Express Tax and Business Services, Inc. ("AmEx"), defendant RSM McGladrey Inc. ("Defendant"), RSM McGladrey TBS LLC, and H&R Block Inc.

Plaintiff anticipates that Defendant may refuse to produce certain information without a court order. Taking these issues into account, Plaintiff does not believe written discovery will be completed prior to sometime in May of 2009. After completing written discovery and any motions to compel, Plaintiff intends to take depositions of Persons Most Knowledgeable regarding Defendant's policies and procedures as they relate to the claims in the complaint as well as depositions of other management personnel of Defendant. Plaintiffs believe at least 120 days will be necessary to complete all expected depositions in this case.

Defendant currently intends to depose Plaintiff and any declarants used in support of Plaintiff's motion for class certification. Defendant also intends to propound document requests, interrogatories and requests for admission.

### 3. Date For Initial Written Discovery Requests:

The parties have agreed that the first date by which written discovery may be served is August 1, 2008.

### 4. Preservation of Evidence:

Plaintiffs request that Defendant preserves and maintains all documents and electronic data relating to compensation information for class members including, payroll records, TimenX records, time cards, training lessons, plans and checklists (for audit, tax and where otherwise appropriate) and authorization forms in employment files.

7

**Joint Case Management Conference Statement**
**CASE NO.: C-08-01729 JF**
LA1 6713649.2

1    Both parties acknowledge their duty to preserve relevant documents in
2 accordance with relevant rules and case law. Defendant has already implemented
3 appropriate litigation hold procedures.
4    The parties continue to meet and confer on e-discovery issues. Defendant is in
5 the process of investigating what electronic information is inaccessible.
6    The parties agree that the failure to designate and the subsequent production of
7 electronically stored information that is subject to a claim of privilege or of protection
8 as trial-preparation material shall not be deemed and shall not serve as a basis for
9 claiming a waiver of the privilege or doctrine protecting such information. This
10 agreement constitutes an express reservation of any party's claim of privilege or
11 application of doctrine with respect to electronically stored information produced.

**5. Changes To Discovery Limitations:**

13    Plaintiff proposes limiting the number of interrogatories that can be
14 propounded by both sides to no more than fifty (50) interrogatories.
15    Defendant does not believe that there is any reason to increase the limit of
16 interrogatories beyond the 25 permitted interrogatories set forth in FRCP 33(a)(1) or
17 the number of depositions set forth in FRCP 30. Defendant proposes, and Plaintiff
18 agrees, that the depositions taken pursuant to FRCP 30(b)(6) will not exceed a
19 collective total of 21 hours. The parties recognize that the amount of categories and
20 witnesses potentially at issue are not known at this time. Accordingly, the parties
21 agree to meet and confer in good faith to resolve any issues that may arise from the
22 preceding agreement.
23    The parties agree that if this case were to be certified that increasing the
24 number of depositions beyond the 10 permitted under the FRCP may be necessary.

**6. Entry Of An Appropriate Protective Order:**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

8

**Joint Case Management Conference Statement**
**CASE NO.: C-08-01729 JF**
LA1 6713649.2

The parties agree that entry of a protective order is appropriate and are currently working to come to agreement on a joint protective order for the Court's consideration.

### D. Motions.

Plaintiff intends to file a motion for class certification. Plaintiff also anticipates filing a motion for summary judgment.

Defendant currently intends to file a motion for summary judgment on the issue of whether Plaintiff was properly classified as an exempt employee. Defendant may also file a motion to deny class certification.

### E. Additional Parties.

At this point, neither the Plaintiff nor Defendant anticipates naming additional parties.

### F. Trial Estimate.

The length of trial in this case will depend on whether the class is certified and as to what claims and the size of any class; accordingly, an estimated trial length is premature at this time.

### G. Dates.

#### 1. Class Certification Brief Filing Date:

Based on the expected amount of discovery and the need to sufficiently investigate the case with other class members, Plaintiff believes that a class certification brief could be filed by no later than June 24, 2009.

Based on Plaintiff's proposed filing date, Defendant proposes the following class certification briefing schedule:

    June 24, 2009: Deadline to filing motion for class certification

    July 29, 2009: Deadline to file opposition brief

    August 29, 2009: Deadline to file reply brief

2. **Expert Witnesses:**

At this point, neither the Plaintiff nor Defendant anticipate the use of expert witnesses in advance of class certification proceedings. The parties request that the dates for exchange of expert reports be set following the hearing on the class certification motion. Should either party determine that it will seek to introduce expert witness testimony in advance of or in support of class certification proceedings, the parties will meet and confer about an appropriate schedule for the identification of such experts, the exchange of expert reports, and the deposition of such experts. In the event that the parties cannot agree on these issues, they will seek the assistance of the Court.

COUNSEL FOR PLAINTIFF

DATE: July 16, 2008                    By: /s/ WILLIAM A. BAIRD_____
                                       WILLIAM A. BAIRD
                                       Milstein, Adelman & Kreger, LLP

COUNSEL FOR DEFENDANT

DATE: July 16, 2008                    By: /s/ ANDREW M. PALEY_____
                                       Andrew M. Paley
                                       Seyfarth Shaw LLP

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

10

**Joint Case Management Conference Statement**
**CASE NO.: C-08-01729 JF**
LA1 6713649.2