UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LI DONG MA , <br><br>            Plaintiff, <br><br>    v. <br><br> RSM MCGLADREY, INC., et al., <br><br>            Defendants. | Case No.: C 08-1729 JF (PVT) <br><br> **INTERIM ORDER REGARDING PLAINTIFFS' MOTIONS TO COMPEL, AND CONTINUING HEARING** <br><br> **(Re: Docket Nos. 49 & 52)** |

On March 30, 2010, Plaintiff timely[1] filed both a Motion to Compel Further Responses to Plaintiff's First Set of Interrogatories, and a Motion to Compel Further Responses and Documents to Plaintiff's First Set of Request for Documents. Defendants opposed both motions. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that, no later than May 18, 2010, the parties shall meet and confer either in person or by telephone regarding each discovery request in dispute. *See*, CIV.L.R. 1-5(n) & 37-1(a). From the papers submitted, it appears the parties did not engage in an adequate meet and confer session. Plaintiff is entitled to obtain information and documents that fall within the

---

[1] Pursuant to this court's Civil Local Rule 26-2, the deadline for filing discovery motions is not until 7 days after the discovery cut-off. Because no discovery cut-off has yet been set, there is not yet any deadline for filing discovery motions and these motions are thus timely.

ORDER, *page 1*

broad scope of discovery, so long as it is not privileged and does not impose an *undue* burden on Defendants. With this standard in mind, there appear to be numerous points that could and should be resolved through a proper meet and confer in compliance with this court's local rules,[2] before the parties present to the court any disputes they cannot resolve on their own.

IT IS FURTHER ORDERED that, no later than May 25, 2010, the parties shall submit a joint supplemental brief setting forth each discovery request that remains in dispute followed first by Plaintiff's position and then by Defendants' position.

IT IS FURTHER ORDERED that Defendants may not refuse to produce contact information for its current and former employees who may have discoverable knowledge based on their right to privacy. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360 (2007). While the main issue in the *Pioneer* case was whether the named Plaintiffs could contact potential class members, its reasoning makes clear that discovery of contact information for a company's customers who are percipient witnesses does not violate the customers' privacy rights. Similarly here, discovery of contact information for employees who may have discoverable knowledge does not violate their right to privacy.

IT IS FURTHER ORDERED that the hearing on both motions is CONTINUED to June 8, 2010 at 10:00 a.m.

Dated: *4/30/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Local Rule 1-5(n) provides,

"'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."