UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LI DONG MA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RSM MCGLADREY, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C 08-1729 JF (PVT)<br><br>**ORDER RE: PLAINTIFFS' MOTIONS TO COMPEL**<br><br>**(Re: Docket Nos. 49 & 52)** |

On June 8, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiff's motions to compel Defendant RSM McGladrey, Inc.'s ("Defendant") to provide further responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED with regard to Interrogatory No. 4, without prejudice to a more narrowly crafted interrogatory. In her briefing, Plaintiff argued the discovery was relevant to identify putative class members, and that the tax associates would be witnesses with respect to the claims and defenses in this action. As to the identity of putative class members, unless and until District Judge Fogel extends the deadline for Plaintiff to file a motion for

ORDER, *page 1*

class certification, the identity of any putative class members is irrelevant.[1]  As to identification of percipient witnesses, the interrogatory is far too broad.  Plaintiff fails to explain what kinds of discoverable information *all* of Defendant's tax associates, nationwide, would have that would either be relevant to the claims and defenses in this action, or could lead to the discovery of admissible evidence.  This ruling is without prejudice to Plaintiff propounding a more narrowly tailored interrogatory.  Any such additional interrogatory shall not count towards the 25 interrogatory limit.

IT IS FURTHER ORDERED that Plaintiff's motion is DENIED with regard to Interrogatory No. 9, without prejudice to a more narrowly crafted interrogatory.  Plaintiff has not explained how *all* written rules, guidelines, policies, or procedures that govern the relationship between Plaintiff and Defendant are relevant to the claims and defenses in this action, or could lead to the discovery of admissible evidence.  This ruling is without prejudice to Plaintiff propounding a more narrowly tailored interrogatory.  Any such additional interrogatory shall not count towards the 25 interrogatory limit.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Interrogatory No. 15, as discussed at the hearing.  Defendant's objection that Plaintiff exceeded the limit on interrogatories because some of the prior interrogatories purportedly contain impermissible sub-parts is OVERRULED.  The only interrogatory the parties briefed regarding sub-parts is Interrogatory No. 6.  The sub-parts in that interrogatory are secondary to the main question, and are thus permissible.  *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998).

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Interrogatory No. 16.  The interrogatory (as narrowed by Plaintiff) asks how *Defendant* tracks the hours worked by tax associates, and how Defendant classifies those hours as billable or non-billable.

---

[1] In his order of April 27, 2010, Judge Fogel noted that his denial of Plaintiff's request to extend the deadline for moving for class certification was without prejudice because "it is conceivable that Judge Trumbull could find that Defendants' actions with respect to discovery may have affected Plaintiff's ability to move for class certification in a timely manner."  Nothing the parties submitted to the court in connection with Plaintiff's motions to compel suggests that Defendants did anything that affected Plaintiff's ability to move for class certification in a timely manner.  Plaintiff served the discovery on January 9, 2009.  Defendant served its responses and objections on February 27, 2009.  Plaintiff waited almost a year before attempting to meet and confer with Defendant regarding its objections to the discovery.  Nothing in the record indicates that Plaintiff's delay in moving to compel was in any way Defendant's fault.

If Defendant does not track hours worked by its tax associates, and instead relies entirely on its employees to track their own work hours, it should expressly state so in its answer.  The temporal scope is limited to the relevant time frame, which for purposes of this and all other discovery discussed in this order is the four years preceding the filing of this action.  The court finds that, even with regard to Plaintiff's individual claims, a four year temporal scope is reasonable because information relevant to Defendant's wage and hour policies, procedures and practices during the time periods shortly before and after Plaintiff's tenure may well be relevant to what Defendant's wage and hour policies, procedures and practices were during Plaintiff's tenure.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Interrogatory No. 17.  However, this interrogatory is limited to persons whose job responsibility included determining Defendant's compliance with California state wage and hour laws.

IT IS FURTHER ORDERED that, except to the extent Defendant agreed to supplement its response during the parties' meet and confer process, Plaintiff's motion is DENIED with regard to Interrogatory No. 18.  Plaintiff does not explain how *all* services Defendant offers to its clients is relevant.

IT IS FURTHER ORDERED that, except to the extent Defendant agreed to supplement its response during the parties' meet and confer process, Plaintiff's motion is DENIED with regard to Interrogatory No. 21.  Plaintiff does not explain how the other information requested is relevant to her individual claims or Defendant's defenses.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Interrogatory No. 22, except that it is limited to tax associates in California.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Document Request Nos. 8, 11, 13, 15, 16 and 23, pursuant to Defendant's agreement to supplement its responses and its production in response to these requests.

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Document Request No. 12 pursuant to Defendant's agreement at the hearing to supplement its response to confirm that it has produced all job competencies and job descriptions for tax associates in California during the relevant time period.

1    IT IS FURTHER ORDERED that, except to the extent Defendant agreed to produce
2 documents that describe RSM's California tax line during the relevant time period, Plaintiff's motion
3 is DENIED with regard to Document Request No. 17. Plaintiff does not explain how any of the
4 other requested organizational charts are relevant to her individual claims or Defendant's defenses.
5    IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Document
6 Request Nos. 19 and 20 to the extent of Defendant's offer to supplement, and Plaintiff's acceptance
7 of that offer, at the hearing.
8    IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED IN PART with regard to
9 Document Request Nos. 27, 28 and 40. The parties shall request permission from the vendor(s) of
10 the software at issue to allow Defendant to demonstrate the software for Plaintiff's counsel, and
11 allow Plaintiff's counsel to inspect the software programs. If the vendors do not voluntarily agree to
12 allow the demonstration and inspection, Plaintiff may subpoena copies of the software from the
13 vendors solely for use in connection with this lawsuit. Absent further order of the court or
14 agreement of the parties to the contrary, any such subpoena must be served no later than August 31,
15 2010.
16    IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED with regard to Document
17 Request No. 29, except that it is limited to tax associates and the relevant time period. To the extent
18 Defendant contends it has no responsive documents, it shall confirm that fact in its supplemental
19 response.
20    IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED IN PART and DENIED
21 IN PART with regard to Document Request No. 37. To the extent it seeks wage and hour claims
22 and/or lawsuits outside of California, Plaintiff has not established that the requested documents are
23 relevant to the claims and defenses in this action. To the extent the request seeks wage and hour
24 lawsuits brought by tax associates in California, Defendant has represented there were none.
25 However, the request is not limited to lawsuits, but would also include claims submitted to the
26 California Labor Commissioner, or claims settled without any filing either in court or with the
27 Labor Commissioner. To the extent any wage and hour claims were asserted against Defendant
28 during the relevant time period for work performed in California, whether filed with the court

1 or the California Labor Commissioner, or simply made by demand letter to Defendant, Defendant
2 shall produce sufficient documents to identify the claimant, the claim(s) asserted, the court and case
3 number or Labor Commissioner file number (if any), and the resolution (if any).
4     IT IS FURTHER ORDERED that the parties shall promptly meet and confer regarding a
5 reasonable time for Defendant to comply with the orders herein.  If the parties cannot agree, Plaintiff
6 shall file a short supplemental brief setting forth her proposal for the response and production
7 deadlines.  Defendant shall file a responsive brief within 3 court days after Plaintiff files her
8 supplemental brief.  The court will then issue a further order setting the deadlines without any further
9 oral argument.

Dated: *7/19/10*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge