**E-Filed 8/9/10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

LI DONG MA,

                Plaintiff,

     v.

RSM MCGLADREY, INC., et al.,

                Defendants

Case Number C 08-1729 JF (PVT)

**ORDER[1] GRANTING DEFENDANTS' MOTION TO DISMISS CLASS CLAIMS WITH PREJUDICE**

     Defendants move pursuant to Fed. R. Civ. Pro. 41(b) to dismiss Plaintiff's class claims with prejudice based upon Plaintiff's failure to comply with court orders. The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on August 6, 2010. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

     On February 21, 2008, Plaintiff Li Dong Ma filed the instant putative class action in the Santa Clara Superior Court, alleging that Defendants violated California law by failing to pay overtime wages and to provide rest and meal breaks to their employees. On March 31, 2008, Defendants removed the action to this Court. On May 8, 2009, at Plaintiff's request, the Court

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-1729 JF (PVT)
ORDER  GRANTING DEFENDANTS' MOTION TO DISMISS CLASS CLAIMS WITH PREJUDICE
(JFLC3)

1   set a case management schedule that included a deadline of February 9, 2010, for filing of

2   Plaintiff's motion for class certification.  A hearing on the class certification motion was set for

3   May 17, 2010.  However, Plaintiff has yet to file a motion to certify the class.  On March 25,

4   2010, Defendants filed the instant motion to dismiss the class claims.

5       On April 16, 2010, three weeks after Defendants filed the instant motion and more than

6   two months after the February 9 filing deadline, Plaintiff moved for administrative relief,

7   requesting that the Court establish a new case management schedule.  Plaintiff's counsel claimed

8   that their failure to file the class certification motion in accordance with the schedule they

9   themselves had proposed was the result of a good faith mistake that occurred when one of

10  Plaintiff's attorneys changed firms, and that they had believed (incorrectly) that the filing

11  deadline was April 9, 2010, rather than February 9, 2010.  Counsel also expressly and repeatedly

12  placed much of the blame for their delay on Defendants' alleged refusal to produce discovery

13  necessary to the class certification motion.  *See, e.g.*, Pl.'s Admin. Mot. to Cont. 2 ("[A]

14  continuance of the class certification schedule is appropriate (and would have been needed in

15  February as well) because Defendant has failed to produce all discovery necessary for the Court

16  to make a certification decision based on a complete record."); *id.* at 3 ("Plaintiff believed that

17  Defendant would in good faith meet and confer on any discovery issues and therefore, issues

18  could be resolved without the need for motions to compel.  However, Defendant took advantage

19  of Plaintiff's belief and endeavored to run out the clock on the certification filing schedule."); *id.*

20  at 4 ("In light of Defendant's dilatory tactics in response to Plaintiff's efforts to meet and confer

21  on outstanding discovery issues, Plaintiff had no choice but to file two motions compel on March

22  30[, 2010]."); *id.* at 4 ("Defendant can hardly claim prejudice when the current status of the

23  discovery is a direct result of Defendant's strategic decisions.").

24      In opposing the administrative motion, Defendants noted that Plaintiff has three attorneys

25  of record.  Defendants also pointed out that Plaintiff sought *no* discovery for more than a year

26  after serving an initial round of interrogatories and requests for production on January 9, 2009,

27  and that Plaintiff's recent deposition notices, which were not served until March 12, 2010,

28  purported to set depositions for April 9, 2010, the date counsel claim they mistook for the class

2

1    certification motion filing deadline.

2        In an order dated April 27, 2010, the Court denied Plaintiff's motion for relief from the

3    case management schedule.  However, the Court acknowledged that two motions to compel were

4    then pending before Magistrate Judge Trumbull and concluded that "[b]ecause it is conceivable

5    that Judge Trumbull could find that Defendants' actions with respect to discovery may have

6    affected Plaintiff's ability to move for class certification in a timely manner, the Court will deny

7    the instant motion without prejudice."  Dkt. No. 79 at 2.  In an order dated July 19, 2010,

8    addressing the motions to compel, Judge Trumbull concluded that:

9            Nothing the parties submitted to the court in connection with Plaintiff's motions
             to compel suggests that Defendants did anything that affected Plaintiff's ability to
10           move for class certification in a timely manner.  Plaintiff served the discovery on
             January 9, 2009.  Defendant served its responses and objections on February 27,
11           2009.  Plaintiff waited almost a year before attempting to meet and confer with
             Defendant regarding its objections to the discovery.  Nothing in the record
12           indicates that Plaintiff's delay in moving to compel was in any way Defendant's
             fault.

13   Dkt. No. 83 at 2 n.1.

14
                                    **II.  DISCUSSION**
15
16       In determining whether to dismiss a claim or action under Rule 41(b), the Court must

17   balance five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the

18   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20   alternatives.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  As a preliminary

21   matter, the Court notes that Plaintiff's opposition to the instant motion reasserts a main theme of

22   her administrative motion: that counsel's failure to comply with the case management schedule

23   was caused in large part by Defendants' discovery conduct.  *See, e.g.*, Pl.'s Opp'n 7 ("If anything,

24   Defendant's strategy to manufacture a basis for which to escape its duties under the Labor Code

25   are [sic] unnecessarily clogging this Court's docket with motions and hearings that would not

26   have been needed were Defendant to have engaged in the meet and confer process in good

27   faith."); *id.* at 8 ("It is Defendant's conduct that has caused any delay here. . . .  Defendant should

28   not be rewarded for its litigation stratagems designed to fabricate a delay where none would have

                                           3

1    existed but for Defendant's failure to provide discovery and failure to reasonably

2    communicate."); *id.* at 13 ("Plaintiff's counsel's [calendaring] mistake was exacerbated by

3    Defendant's refusal to provide discovery or communicate.  Prior to the perceived deadline,

4    [Plaintiff's counsel] took steps to address these issues and the filing date only to be met by

5    obfuscation and further delay by Defendant.").  However, as Judge Trumbull found, there is no

6    evidence in the record that Defendants in any way prevented Plaintiff from proceeding with

7    discovery relevant to the class certification motion, or from moving to compel additional

8    discovery, between February 27, **2009**, the date on which Defendant responded to Plaintiff's

9    interrogatories and requests for documents, and March 30, **2010**, the date Plaintiff ultimately

10   filed her motions to compel.

11         At oral argument, Plaintiff's counsel suggested that holding them to the arguments made

12   in their administrative motion would amount to "no good deed going unpunished," implying that

13   Plaintiff's opposition to the instant motion was based upon counsel's excusable neglect and the

14   lack of any prejudice to Defendants rather than Defendants' purported frustration of Plaintiff's

15   discovery efforts.  While it is troubled by the unfounded representations in the earlier

16   administrative motion, the Court is even more concerned by counsel's mischaracterization of

17   their own papers in opposition to the instant motion, which continue to blame Defendants for the

18   delay.  Even though it might not have affected the outcome, an honest and unqualified

19   acceptance of responsibility would have reflected more favorably on counsel and would have

20   been welcome.

21         A.    **The Public's Interest in Expeditious Resolution of Litigation**

22         With respect to the first factor, "[t]he public's interest in expeditious resolution of

23   litigation always favors dismissal." *Yourish*, 191 F.3d at 990.  In addition to blaming Defendants

24   for the delay, Plaintiff argues that "the public's interest in expeditious resolution is not thwarted

25   here because complex litigation, such as the case at bar, is more time intensive than non-complex

26   litigation." Pl.'s Opp'n 8.  While complex litigation by definition tends to require more effort,

27   Plaintiff's counsel do not explain how their failure to comply with deadlines they themselves

28   requested resulted from the complexity of the instant case.  Because movement toward resolution

4

of the litigation has been delayed by counsel's unjustified failure to comply with the case management schedule, this factor favors dismissal.

### B.    The Court's Need to Manage Its Docket

With respect to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990.  In *Yourish*, the Ninth Circuit found that this factor "strongly favor[ed] dismissal" where the district court had found that the plaintiffs "knew that they were required to file the amended complaint within sixty days rather than within sixty [days] of the issuance of a written order as they claim." *Id.* at 991.  Here, Plaintiff argues that the second *Yourish* factor does not favor dismissal because she "reasonably did not know the deadline had expired and [] acted quickly upon determining that the specially set deadline had passed."  Pl.'s Opp'n 7. Plaintiff also contends that this factor cannot weigh in favor of dismissal because another wage and hour case on the Court's docket, *Ho v. Ernst & Young LLP*, C 05-4867 JF, "has been pending in the precertification stage before this Court for 5 years" and because Defendants have not presented evidence that Plaintiff's failure to comply with the case management schedule negatively impacted the Court's docket.  *Id.*

None of these arguments is well-taken.  As to the first point, it was Plaintiff's counsel who proposed the February 9 filing date.  *See* Dkt No. 47 at 3:7-15.  Plaintiff is represented by three attorneys from three separate firms.  Even if counsel reasonably erred in believing that the filing deadline was April 9 rather than February 9, Plaintiff offers no explanation–other than unsubstantiated claims against Defendants–as to why she did not file motions to compel until March 30, 2010, (after Defendants filed the instant motion to dismiss) or why no deposition notices served were served until March 12, 2010.

As to her second assertion, Plaintiff misconstrues the focus of the second *Yourish* factor. The question is not merely how long a case remains on a court's docket or whether the defendant can show that the court's docket was negatively impacted; the question is how the court's *interest in managing its own docket* is affected.  The district court in *Yourish* found that the plaintiff "caused 'the action to come to a complete halt' and [] allowed the 'Plaintiff[] to control the pace

5

of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (quoting the district court's order). Similarly here, by failing to move the case forward in accordance with the schedule they themselves proposed and waiting to seek relief from that schedule until two months after the filing deadline had passed, Plaintiff's counsel effectively sought to control the pace of the Court's docket.

Finally, as Defendants point out, "[e]ven a cursory review of the docket in *Ho* reflects that counsel in that case has been actively litigating the case throughout its pendency." Defs.' Reply 3. While the case indeed has been pending for five years, there has been intensive discovery and motion practice, and virtually none of that period is attributable to inaction or neglect on the part of counsel.

For all of these reasons, this factor favors dismissal.

### C.    The Risk of Prejudice to the Defendants

With respect to the third *Yourish* factor, the Ninth Circuit has held that:

> Failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered . . . .

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).  As to the burden of proving prejudice, the rule in the Ninth Circuit is that "[w]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." *Id.* (quoting *Nealey v. Transp. Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980)).

Plaintiff contends that Defendants cannot show evidence of actual prejudice caused by the delay.  However, having considered carefully both Plaintiff's administrative motion for relief from the case management schedule and Plaintiff's arguments in opposition to the instant motion, the Court finds and concludes that Plaintiff's failure to comply with the case management schedule was not the result of excusable neglect or another cognizable reason. Judge Trumbull concluded independently that counsel's failure to file the class certification

6

motion in a timely manner was not attributable to any discovery misconduct by Defendants. Accordingly, Plaintiff has failed to meet her initial burden of providing a non-frivolous excuse for her delay, and prejudice to Defendants is presumed.

### D.    The Public Policy Favoring Disposition of Cases on Their Merits

With respect to the fourth *Yourish* factor, public policy favors disposition of cases on their merits, implying that this factor weighs against dismissal.  Defendants concede this general proposition.  However, they note that other courts have denied motions for class certification where the plaintiff failed either to meet a case-specific filing deadline or comply with a local rule.  They argue that in such cases the general policy favoring disposition on the merits is outweighed by other "public policies that favor the resolution of a class action with reasonable diligence and compliance with court orders."  *See* Defs.' Mot. 9-10; Defs.' Reply 8.

While Defendants' point is well-taken, this factor still weighs against dismissal. However, it is not dispositive.  *See, e.g.*, *Yourish*, 191 F.3d at 992 (affirming the district court's dismissal despite the fact that the fourth factor weighed against dismissal).  Moreover, as Defendants request dismissal of the class action claims only, Plaintiff's individual claims still may proceed, presumably to a disposition on their merits.

### E.    The Availability of Less Drastic Alternatives

Finally, with respect to the final factor, Defendants point out that while dismissal of the entire action would be justified, they seek only the less drastic alternative of dismissal of the class claims.  They assert that dismissal of the class claims would not prejudice either Plaintiff, whose individual claims would proceed, or the putative class members, whose claims have been tolled by operation of law and who would "remain free to filed a claim before the California Labor Commissioner or file a complaint in the appropriate court if they believe that their rights have been violated."  Defs.' Mot. 12.  Defendants rely upon *Hunter v. Digital Equipment Corp.*, 136 Fed. Appx. 28 (9th Cir. 2005), in which the district court dismissed a putative class action suit in its entirety where the named plaintiff had "fail[ed] to be actively involved in the litigation for at least 18 months."  *Hunter*, 136 Fed. Appx. at 29.  The Ninth Circuit reversed the district court's dismissal of the named plaintiff's individual claims but affirmed its dismissal of the class

7

claims, holding that:

> Although we agree with the district court that there is some risk of prejudice to the
> defendants in defending against both Claim 1 and Claim 2 for a potential class of
> plaintiffs, the risk of prejudice appears to be minimal to nonexistent in defending
> an action brought by Hunter as an individual plaintiff as to Claim 1.  Accordingly,
> we hold that although Claim 2 was properly dismissed, Hunter should have been
> allowed to proceed with Claim 1, on an individual basis, *as a less drastic
> alternative to complete dismissal*.  Such a sanction adequately vindicates the
> court's legitimate concerns with the effects of Hunter's strategic delay while at the
> same time honoring the strong policy of resolving cases on their merits.

*Id.* (emphasis added)*.*

## III. DISPOSITION

Plaintiff claims that involuntary dismissal of the class claims with prejudice would be "a drastic and extreme measure" and would be "the 'death knell' of the case" because "[t]he reality is that if the class action allegations are dismissed, these class members will have their right to be paid their wages under the law dismissed without determination on the merits."  Pl.'s Opp'n 13. She also contends that dismissal is not warranted by "delay resulting from simple negligence," particularly when "counsel's mistake was exacerbated by Defendant's refusal to provide discovery or communicate."  *Id.*  Plaintiff maintains that *Hunter* is inapposite because the district court in that case found that four of the five *Yourish* factors favored dismissal while none of the factors favors dismissal here.

Defendants observe correctly that the "death knell" doctrine does not affect the propriety of dismissal of the instant class claims but relates instead to whether an individual plaintiff may appeal an adverse class certification ruling.  In *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), the Supreme Court held that "the fact that an interlocutory order [such as the order denying class certification in *Livesay*] may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision' within the meaning of [28 U.S.C.] § 1291."  437 U.S. at 477.  While there may be alternatives less drastic than dismissal of the instant class action claims with prejudice–for example, monetary or issue sanctions–the Court concludes that the result reached by the Ninth Circuit in *Hunter* is equally appropriate here. Counsel assert that "regardless of whether the deadline to file the motion was February 9 or April 9, Plaintiff reasonably needs an extension of time to prepare for and file her motion due to

8

Defendant's failure to meet its discovery obligations." Pl.'s Opp'n 8.  As both the Court and

Judge Trumbull have found, counsel's failure to comply with the schedule they themselves

proposed or to seek timely relief from that schedule had nothing to do with Defendants'

discovery conduct, and, like the plaintiff's failure to prosecute in *Hunter*, it is not otherwise

excusable.

      Accordingly, the Court finds and concludes that dismissal of the class action claims with

prejudice is warranted.[2]  As both parties acknowledge, the putative class members will suffer

very little actual prejudice from this result, as their claims have been tolled and they remain free

to seek remedies for Defendants' alleged wrongful conduct toward them.[3]

**IT IS SO ORDERED**

DATED: 8/9/10

                                  JEREMY FOGEL
                                  United States District Judge

---

    [2] Plaintiff contends that "warnings to plaintiff (or lack thereof)" is a sixth *Yourish* factor. Pl.'s Opp'n 5, 11.  *See Yourish*, 191 F.3d at 990 (listing the factors to be considered).  However, the Ninth Circuit "expressly rejected the argument that an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)."  *In re Eisen*, 31 F.3d at 1455 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).

    [3] At oral argument, the parties disagreed as to whether following dismissal of the class claims, the instant action may continue as a representative action under Cal. Bus. & Prof. § 17200.  As that issue has not been briefed, the Court expresses no position with respect to it.